UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHEMECA YOUNG, RACQUEL YOUNG, and K.W. by Next Friend, SHEMECA YOUNG, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD SMITH Deputy Constable, in his individual capacity, LAURA B. CONWAY, MAIN STREET RENEWAL, LLC, NICK'S PACKING SERVICES, INC., and CRAIG HUFF, <br><br> Defendants. | Case No. 1:16-cv-03395-TWP-DLP |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS
AND MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion to Dismiss filed by Laura Conway ("Conway") (Filing No. 107), and a Motion for Summary Judgment filed by Nick's Packing Services, Inc. ("Nick's") (Filing No. 126). Also before the Court is a Motion for Leave to File a Surreply in Opposition to Defendant Laura Conway's Motion to Dismiss. (Filing No. 119). Plaintiffs Shemeca Young ("Shemeca"), Racquel Young ("Racquel"), and K.W. by Next Friend, Shemeca Young ("K.W.") (collectively, "Plaintiffs"), allege in their Second Amended Complaint claims under 42 U.S.C. § 1983, as well as Indiana state law claims for statutory deception and civil conversion. (Filing No. 103.) For the reasons that follow, the Court **grants** Conway's Motion to Dismiss and **denies** Nick's Motion for Summary Judgment.

**I. BACKGROUND**

The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to Plaintiffs as the non-moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 255 (1986). In reviewing the facts for Conway's Motion to Dismiss, the Court accepts as true all well-pleaded facts alleged in the Amended Complaint, and draws all possible inferences in the Plaintiff's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

In March 2015, Shemeca signed a lease to occupy the real estate located at 8136 Carina Drive, Indianapolis, Indiana (the "Residence" or the "Property"). (Filing No. 103 at 2.) Shemeca leased the Residence from its owners Dennis and Katherine Young (collectively, "the Youngs"), who are not related to any of the Plaintiffs despite their common surname. *Id.* at 3. Shemeca moved into the Residence with her minor son, K.W., and made monthly lease payments to the Youngs in the amount of $1,250.00. *Id.* At some point during the lease, Shemeca's sister, Racquel moved into the Residence. *Id.* Racquel suffers from a serious medical condition that requires daily kidney dialysis, and she kept special medical equipment at the Residence to perform her daily kidney dialysis. *Id.* The equipment consisted of a home dialysis unit, IV fluids, an IV pole, and other items. *Id.*

At some point in late 2014, before Shemeca signed the lease, the Residence became part of a foreclosure action against the Youngs. *Id.* The Plaintiffs were unaware of the Property's foreclosure status, and Shemeca continued making monthly payments to the Youngs. Periodically, Shemeca received "court papers", addressed to the Youngs, left on the door of the Property, which she forwarded to the Youngs without reading. *Id.* The foreclosure action did not name any of the Plaintiffs. *Id.*

A decree of foreclosure was entered against the Property on June 21, 2016, and Jeff 1, LLC purchased the Property at a sheriff's sale. (Filing No. 69-1.) Main Street Renewal, a party not

included in the Second Amended Complaint, provided property management services for Jeff 1 LLC. ([Filing No. 103 at 3](#).) On August 2, 2016, Conway, an attorney who acted on behalf of Main Street Renewal, filed a "Notice of Claim for Possession of Real Estate" ("Eviction Notice") in the Pike Township Division of the Marion County Small Claims Court. *Id.* at 4. The Eviction Notice named the defendants as "Dennis P. Young, Katherine L. Young, and all unknown occupants." *Id*. On August 30, 2016, Conway requested and received a Writ of Restitution (the "Writ") following the eviction hearing. *Id.* Conway presented the Writ to the Constable of Pike Township Richard Smith ("Smith"), along with payment, and requested Smith to execute the Writ. *Id*. The Writ is reproduced below.

> **WRIT OF RESTITUTION**
>
> STATE OF INDIANA
> COUNTY OF MARION, SS:
>
> MARION COUNTY SMALL CLAIMS COURT
> PIKE TOWNSHIP DIVISION
> 5665 LAFAYETTE ROAD / SUITE B
> INDIANAPOLIS, IN 46254
> (317) 293-1842
>
> JEFF 1, LLC BY MAIN ST. RENEWAL, LLC
> 151 N DELAWARE ST., STE. 1900
> INDIANAPOLIS, IN 46204
> Plaintiff
> -vs-
> DENNIS P YOUNG AND KATHERINE L YOUNG & A
> 8136 CARINA DRIVE
> INDIANAPOLIS, IN 46268
> Defendant
>
> Cause No. **49K05 1608 SC 2981**
>
> \*\*\*\* THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS COMMUNICATION FROM A DEBT COLLECTOR.
>
> TO ANY CONSTABLE OF PIKE TOWNSHIP:
> You are commanded forthwith to put plaintiff, **JEFF 1, LLC BY MAIN ST. RENEWAL, LLC**, in possession of property located at **8136 CARINA DRIVE** in said county, by removing therefrom the Defendant, **DENNIS P YOUNG AND KATHERINE L** and removing the goods of said defendant, by placing said goods in storage and to levy on any non-exempt property, by sale thereof you make the sum of **$0.00** together with costs and accruing interest from the **30** day of **AUGUST 2016** for which the said plaintiff has a judgement against said defendant as appears of record on the docket of this court, and of this writ make legal service and return.
>
> Dated this **30** day of **AUGUST 2016**.
> Damage Hearing: **10 Nov 2016 @09:00AM**
>
> Attorney for Plaintiff
> LAURA CONWAY, ATTY.
> 151 N. DELAWARE ST. # 190
>
> [Judge signature] (SEAL)
>
> SERVE TO:
> DENNIS P YOUNG AND KATHERINE L YOUNG & A
> 8136 CARINA DRIVE
> INDIANAPOLIS, IN 46268
>
> **NOTICE TO MOVE**
> THIS PROPERTY MUST BE VACATED ON OR BEFORE 8:00 A.M. ON THE **05 SEPTEMBER 2016**, OR THE CONTENTS WILL BE *REMOVED* AND PLACED IN STORAGE AT DEFENDANT'S COST.
>
> Service of Writ. On the 29 day of Sept, 2016.
> I served this writ by: The goods of the within named Defendant were
> Reading in person to deft. ( ) were removed and placed in storage at _____
> Leaving copy ( ) Nick Packing
> ⊗ 9-29-16
> R-T- ES
> T-O- ES
>
> Constable Fees: _____ Constable: _____
> 2 STORY, TAN OVER RED BRICK Red DC
> 15'
> 9/1/16

(Filing No. 69-2.)

On September 29, 2016, at approximately 10:00 a.m., Shemeca and K.W. were at the Residence when Conway and Smith knocked on the door to serve the Writ. (Filing No. 103 at 5.) Smith asked Shemeca if she was either of the persons named on the Writ, to which Shemeca told Smith the individuals named were her landlords who did not live there. *Id.* Smith responded,

4

"Well it doesn't matter; you have to leave." *Id*. Shemeca asked to get dressed, as she walked away, Smith and Conway entered the residence. *Id.* Conway took a seat at Plaintiffs' dining room table. *Id.* Smith drew his firearm and proceeded upstairs where then four (4) year old K.W. was located. *Id.* Smith entered K.W.'s bedroom and pointed his firearm at K.W. and ordered both K.W. and Shemeca to leave the home. *Id.* Shemeca did not understand what was taking place because she was current on her rent. *Id.* She informed Smith and Conway that Racquel needed her kidney dialysis equipment and asked to retrieve it. *Id.* at 6. Smith told Shemeca she could not retrieve it and ordered her out of the house. *Id.* Shemeca also informed Nick's employees that Racquel needed her dialysis equipment, to which the agent for Nick's provided her with the inventory sheet and told her to call Nick's. *Id.*

Nick's took possession of the Plaintiffs' belongings following the eviction on September 29, 2016. Because Nick's did not have sufficient storage capacity at its Beech Grove Warehouse to store Plaintiffs' belongings, Nick's took approximately seventy-five percent (75%) of the property to another storage facility, Public Storage. ([Filing No. 128 at 4](#).) On October 5, 2016, Shemeca went to Nick's Beech Grove office where Nick's employee, Lorena Braun ("Braun"), presented Shemeca with a customer intake sheet. ([Filing No. 132 at 59](#).) The customer intake sheet provided that Shemeca's personal belongings were being stored in 12 vaults at the price of $250.00 per vault with an additional $10.84 charge for each day. *Id.* As of October 5, 2016, Shemeca's balance for storage fees was $3,075.88. *Id.* Braun noted that Young did not make payment or a contract for payment. *Id.* An inventory list was taken, to which Shemeca noted in her own handwriting that she disputed the inventory list because a television and four other items were missing. *Id.* However, Nick's Answer to Plaintiffs' discovery requests indicated that on

5

October 5, 2016, that Plaintiffs' personal belongings were being stored at a different location, Public Storage—4305 W. 86th Street, Indianapolis, Indiana 46268, for $212.00. *Id.* at 61.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the plaintiff, the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012) (en banc). "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). "In deciding whether the plaintiff has carried this burden, the court must look to the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time." *Id.*

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of

6

a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). Finally, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

### III. DISCUSSION

Conway filed a Motion to Dismiss and Nick's filed a Motion for Summary Judgment. The Court addressees each in turn.

**A. Motion to Dismiss**

In Conway's Reply in Opposition to Plaintiffs' Untimely Response to Conway's Motion to Dismiss Second Amended Complaint, ([Filing No. 118](#)), she correctly noted that Young filed her Response in Opposition to Conway's Motion to Dismiss Second Amended Complaint ("Response"), ([Filing No. 115](#)), one week after the deadline in violation of the local rule requiring her response to be filed within fourteen days.[1] The Court may summarily rule on a motion if an opposing party does not file a response within the deadline. Local Rule 7-1. Although the Court could summarily grant the motion, the Court favors ruling on the merits, which is the more equitable basis for dismissing Conway from this suit.

Young asserts claims against Conway under Section 1983 as well as a conversion claim. ([Filing No. 103](#).) "Relief under section 1983 is available to a plaintiff who can demonstrate that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured either by the Constitution or by federal law." *Vasquez v. Hernandez,* 60 F.3d 325, 328 (7th Cir. 1995).

---

[1] Effective July 1, 2018, Local Rule 7-1(c) allows for twenty-one days to respond.

7

> Private persons jointly, engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.

*Vickery v. Jones,* 100 F.3d 1334, 1344 (7th Cir. 1996) (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). "Mere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). For actions under color of law, there must be some understanding or "meeting of the minds" between the private actor and state actor to deny the plaintiff a constitutional right. *See Adickes,* 398 U.S. at 158. This requires the plaintiff to demonstrate the existence of a joint action, concerted effort, or general understanding among the defendants. *See id.*

Conway is a private attorney and was engaged in retrieving possession of the foreclosed Property on behalf of her client, Main Street Renewal, which had just purchased the Property at a sheriff's sale. The Court previously dismissed Conway because Shemeca failed to plead facts to show that Conway acted under color of state law. ([Filing No. 100.](#)) Shemeca was then permitted to file a Second Amended Complaint. The Court agrees with Conway that the Second Amended Complaint fails to allege factual allegations to support a Section 1983 claim against the attorney. At most, Conway was a spectator in any deprivation of Plaintiffs' rights and the joint actions alleged by Plaintiffs stem from Conway's mere presence. Shemeca contends that Conway was made a joint actor when she entered the Property under the authority of a defective Writ including Conway sitting at Plaintiffs' dining room table uninvited. Although an attorney's presence and entry into a home during an actual eviction is unnecessary and unwise, these facts are insufficient to establish a "meeting of the minds" regarding the events that transpired. Plaintiffs concede that

Conway is not an intended defendant on the conversion count. ([Filing No. 116 at 10](#).) Accordingly, Conway is **dismissed with prejudice** from both counts alleged against her.

B. **Motion for Summary Judgment**

Plaintiffs allege statutory deception and conversion counts against Nick's.[2] The facts are largely undisputed, however, material factual disputes surround Plaintiffs' allegation that Nick's made a false written statement to obtain (and retain) Plaintiffs' personal belongings unlawfully. ([Filing No. 131 at 1](#).)

Ind. Code § 35–43–5–3 provides that a person who "knowingly or intentionally makes a false or misleading written statement with intent to obtain property" commits deception, a Class A misdemeanor. To prove conversion, Plaintiffs must show that Nick's "knowingly or intentionally exerted unauthorized control over [their] property." *Coleman v. Vukovich,* 825 N.E.2d 397, 407 (Ind. Ct. App. 2005). Both conversion and statutory deception fall under the Indiana Crime Victim Compensation Act ("CVCA"). Indiana courts have held that under this statute "a person who suffers a pecuniary loss as a result of certain property crimes may bring a civil action against the person who caused the loss and recover up to three times the actual damages and a reasonable attorney's fee, along with other expenses." *Klinker v. First Merchants Bank, N.A.,* 964 N.E.2d 190, 193 (Ind. 2012). Although the claimant is required to "prove each element of the underlying crime by a preponderance of the evidence", a criminal conviction is not a condition precedent to recover under this statute. *Id.*

Nick's contends that the criminal intent requirement is fatal to Plaintiffs' claims against it under the CVCA. ([Filing No. 127 at 4](#), 6.) However, the Indiana Supreme Court has explained "the mens rea element for a criminal offense is almost inevitably, absent a defendant's confession

---

[2] The conversion count is also alleged against Smith, who has not filed a Motion for Summary Judgment. ([Filing No. 103 at 11](#).)

9

or admission, a matter of circumstantial proof." *Id.* at 195 (noting summary judgment is almost never appropriate where a claim requires criminal or fraudulent intent because "criminal intent in the absence of a confession invariably requires weighing evidence, judging witness credibility, and drawing reasonable inferences from the facts, all of which are improper in considering a motion for summary judgment.").

Aside from the intent requirement, Plaintiffs have raised a material factual dispute regarding Nick's alleged false written statement. As proof that a false written statement was made, Plaintiffs point the Court to the customer intake sheet (Filing No. 132 at 59). The customer intake sheet indicated that Shemeca's personal property was being stored in twelve vaults at the Beech Grove location. *Id.* However, Braun's Interrogatory Answers indicate that as of October 5, 2016, the day Braun made the alleged fraudulent written statement, Shemeca's personal property was being stored in seven vaults at Public Storage, a different location. Shemeca also contends that the price reflected on the customer intake sheet, $3,075.88, was false as Braun's Interrogatory Answers indicate storage costs of $212.00. (Filing No. 132 at 62.) Nick's explains that "vault" and "crates" have particular meanings in the moving industry, and that in actuality Nick's was referring to Shemeca's personal property being stored in "four to six crates…. A crate holds four vaults." (Filing No. 133 at 1-2.) On summary judgment, the Court resolves material factual disputes in favor of Plaintiffs', the nonmoving party. Nick's concedes to the pricing discrepancy.[3] *Id.* Whereas, Shemeca describes this discrepancy as a fraudulent written statement, Nick's describes it as a mistake or error and offers policy justifications as to why the Court should find as a matter of law that deception did not occur. (Filing No. 133 at 2; Filing No. 131 at 5). Shemeca

---

[3] There are factual disputes as to when Plaintiffs' personal property was moved from Public Storage to Nick's Beech Grove location; however Shemeca alleges at a minimum the price amounted to an overcharge of $1,250.00, under the assumption that her property was stored in seven vaults. (Filing No. 131 at 5.)

10

likens her case to *Cannon v. Northside Transfer Co.,* 427 N.E.2d 712, 715 (Ind. Ct. App. 1981). In *Cannon,* the Indiana Court of Appeals affirmed a trial court's finding for conversion due to the defendant's wrongfully withholding of the plaintiff's property, for eleven months, following an eviction, but remanded on the issue of damages. 427 N.E.2d 712, 715 (1981) (reversing a nominal award of damages and ordering the trial court to determine actual damages).

Additionally, Plaintiffs contend that conversion occurred in this case because the Writ authorized the removal of "goods" of "DENNIS P. YOUNG AND KATHERINE L." ([Filing No. 69-2](#).) Thus, Plaintiffs contend there was no legal basis for seizing Plaintiffs' property. ([Filing No. 131 at 8](#).) Nick's has not substantively responded to Plaintiffs' argument that the Writ did not legally authorize removal of their (*i.e.,* Shemeca Young, Racquel Young, and K.W.) goods. Plaintiffs note that the conversion of their property has been ongoing and continuing as their property "remained stored at NPS' warehouse at least through May 26, 2017." ([Filing No. 131 at 8](#).)

As detailed above, there are genuine, factual disputes regarding Nick's alleged fraudulent written statement. It is clear that there are discrepancies between the written customer intake sheet and Nick's Interrogatory Answers. As instructed by the Indiana Supreme Court, criminal or fraudulent intent regarding the motive for these discrepancies is almost never appropriate to resolve on summary judgment. Thus, Nick's Motion for Summary Judgment is **denied.**

## IV. <u>CONCLUSION</u>

For the forgoing reasons, Nick's Motion for Summary Judgment ([Filing No. 126](#)) is **DENIED**. Conway's Motion to Dismiss ([Filing No. 107](#)) is **GRANTED**. Plaintiffs' claims against Nick's and Smith remain pending for trial. The clerk is directed to terminate Laura Conway as a defendant in this matter. Plaintiffs' Motion for Leave to File Surreply in Opposition to Defendant

Laura Conway's Motion to Dismiss (Filing No. 119) is **GRANTED** and was considered. The clerk is directed to file the Surreply at 119-1 as of October 18, 2017.

    **SO ORDERED.**

Date: 7/5/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Lee F. Baker
NATIONWIDE MUTUAL INSURANCE COMPANY TRIAL DIVISION
bakeL5@nationwide.com

Michael A. Bergin
m.bergin@comcast.net

Joseph Neal Bowling
LEWIS WAGNER LLP
nbowling@lewiswagner.com

Dina M. Cox
LEWIS WAGNER LLP
dcox@lewiswagner.com

Stephen R. Donham
THRASHER BUSCHMANN & VOELKEL, P.C.
donham@indiana-attorneys.com

Steven Christopher Earnhart
THRASHER BUSCHMANN GRIFFITH & VOELKEL
earnhart@indiana-attorneys.com

Benjamin M. Floreancig
WUERTZ LAW OFFICE LLC
ben@wuertzlaw.com

Terrance Lamont Kinnard
KINNARD & SCOTT
tkinnard@kinnardlaw.net

Kathryn Elizabeth Ransburg
RANSBURG LAW, LLC
ransburglaw@yahoo.com

Chad D. Wuertz
WUERTZ LAW OFFICE
chad@wuertzlaw.com