UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHEMECA YOUNG, RACQUEL YOUNG, and K.W. by Next Friend, SHEMECA YOUNG,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD SMITH Deputy Constable, in his Individual capacity, and NICK'S PACKING SERVICES, INC.,<br><br>Defendants. | Case No. 1:16-cv-03395-TWP-DML |

## ENTRY ON PLAINTIFF'S MOTION *IN LIMINE*

This matter is before the Court on a Motion in *Limine* ([Filing No. 147](#)) filed by Plaintiffs Shemeca Young ("Young"), Racquel Young, and K.W. by Next Friend (collectively, "Plaintiffs"). Plaintiffs seek to exclude evidence of an underlying foreclosure action involving the subject property in this action. They request that Defendants Richard Smith ("Smith") and Nick's Packing Services, Inc. (collectively, "Defendants") be permitted to introduce only a general statement that non-party, Jeff 1, LLC, lawfully purchased the subject property.

The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

The Complaint alleges that Young was renting a property that was foreclosed, unbeknownst to her and that Plaintiffs' rights were violated during the eviction and seizure of their belongings. Smith, the Pike Township Deputy Constable, executed the eviction after he was presented with a Writ of Restitution from Jeff 1, LLC's agent, who acquired the property following the foreclosure action. Young contends that "referencing the Foreclose [sic] Action may lead to confusion of the issues and may mislead the jury into believing that the Foreclosure Action gave authority to remove the Plaintiffs from the home." (Filing No. 147 at 2.)

In his Response to the Motion in *Limine*, Smith explains that he intends to prove that Young had no right to legally occupy the residence at the time of the eviction, and that any right to occupy that she may once have held was extinguished, as a matter of law, by a Marion Superior Court judgment in the foreclosure action against her landlords. (Filing No. 164 at 1.) Defendants further intend to offer evidence and a defense that Young was bound by the foreclosure judgment and an unnamed party to the Writ.

The Court agrees with Defendants that evidence surrounding the foreclosure action is particularly relevant to the eviction proceedings and admissible on numerous grounds. Young has not demonstrated that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, or any of the other risks identified in Federal Rule of Evidence 403. Young is free to cross-examine witnesses, make objections and rebut inferences regarding this evidence during trial. Accordingly, Plaintiffs' Motion in *Limine* (Filing No. 147) is **DENIED**.

**SO ORDERED.**

Date: 7/18/2018

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Benjamin M. Floreancig
WUERTZ LAW OFFICE LLC
ben@wuertzlaw.com

Terrance Lamont Kinnard
KINNARD & SCOTT
tkinnard@kinnardlaw.net

Chad D. Wuertz
WUERTZ LAW OFFICE
chad@wuertzlaw.com

Lee F. Baker
NATIONWIDE MUTUAL INSURANCE COMPANY TRIAL DIVISION
bakeL5@nationwide.com

Michael A. Bergin
m.bergin@comcast.net

Kathryn Elizabeth Ransburg
RANSBURG LAW, LLC
ransburglaw@yahoo.com